No. 8951.

THE STATE EX REL. FIDÈLE EUGSTER VS. CITY OF NEW ORLEANS.

Where a creditor obtains a money judgment against the city and registers it under the provisions of Act 5 of 1870, he cannot by mandamus compel the city or board of liquidators to issue bonds in satisfaction of the judgment, on the plea that the work done which formed the consideration of the judgment entitled the creditor to the bonds demanded.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

*Blanc & Butler* for the Relator, Appellant.

*Wynne Rogers,* Assistant City Attorney, for the Respondent, Appellee.

The opinion of the Court was delivered by

TODD, J. The relator, holder and owner of a judgment against the city of New Orleans, on which a balance is owing of $9862 29, besides interest, alleging that the judgment was rendered upon contracts entered into pursuant to a certain law designated, and that by said law the debt was to be paid in improvement bonds of the city of Carrollton, applied for a mandamus to compel the city and the board of liquidators to issue said improvement bonds in satisfaction of his judgment. The relator also asked that a special tax be levied to pay his judgment, under Act 5 of 1870, but this latter demand was withdrawn, leaving only to be determined his rights to the bonds claimed.

The judgment that the relator seeks to have satisfied is in the words and figures following, to wit:

"NICHOLAS CONNELL        Superior District Court.
       vs.
CITY OF NEW ORLEANS.        No. 26,892.

"This case came on this day for trial, H. C. Upton for plaintiff, Samuel P. Blanc, assistant city attorney, for defendant.

"When, after hearing pleadings, evidence and counsel, the court considering the law and the evidence to be in favor of the plaintiff, Nicholas Connell.

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Nicholas Connell, and against the city of New Orleans, for the sum of nineteen thousand seven hundred and sixty-two 29-100 dollars, with eight per cent per annum interest on eighteen thousand two hundred and ninety-eight 42-100 dollars from December 1st, 1875, till paid, and with all costs of suits.

"Judgment rendered January 4th, 1876.

"Judgment signed January 10th, 1876.

(Signed)                    "JACOB HAWKINS, Judge."

By its terms, it will be seen that the judgment is strictly a money judgment.

The relator alleges that the consideration of the judgment was work done on the streets of Carrollton by the plaintiff in the judgment, and that the terms of the contract and the act referred to entitled the creditor to be paid in certain bonds called "improvement bonds," as before stated. Granting that the judgment creditor was entitled to demand, when he instituted his suit, payment of his debt in the mode stipulated, yet it appears he did not do so, but preferred seeking its liquidation or satisfaction in money. Whatever his rights may have been under his contract, they become merged in the judgment he sought and obtained. That judgment became the exponent of his rights and the measure of his debtor's liability. That right, as thus determined, was to enforce payment of his debt by money, and the liability of the debtor was to pay in money and nothing else.

The creditor might have chosen otherwise, and the debtor might have insisted, in the progress of the suit, on satisfying the debt, under the terms of the obligation, in bonds instead of money. But, however that may be, when the option of the creditor was declared and exercised, and the privilege of the debtor was waived and the rights and obligations of the parties respectively were determined otherwise than might have been fixed, upon a different presentation of their respective claims or rights, the determination became final and the mutual rights and obligations of the parties became a thing adjudged.

It is true that in exceptional cases and for certain purposes, courts may look beyond the judgment to fix its true status and ascertain upon what founded, with a view to determine its immunity from impairment, and its right to protection under constitutional guarantees. But no principle of this kind is here involved and no exceptional feature presented requiring or permitting judicial inquiry into the character or merits of the debt on which the judgment was rendered.

It appears that after the judgment was recovered it was duly registered, in accordance with Act 5 of 1870, preparatory to its ultimate payment under the provisions of that act.

We are powerless, under this state of facts, to grant the relator the relief he asks and provide for the satisfaction of his judgment in a mode and by means other than its terms and the law prescribe. State *ex rel.* Strauss vs. Brown, 30 Ann. 79.

The judgment of the lower court, which refused the mandamus, is, therefore, affirmed with costs.